# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| FRANK WILLIS | CIVIL ACTION NO. 05-1010 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRC COMPANIES, INC. | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court are Plaintiff's Motion for Voluntary Dismissal Without Prejudice ("Motion for Voluntary Dismissal") [Doc. No. 6] and Plaintiff's Motion to Dismiss Counterclaim Pursuant to FRCP 12(b)(6) and/or in the Alternative Motion for a More Definite Statement Pursuant to FRCP 12(e) (" Motion to Dismiss Counterclaim") [Doc. No. 7]. Defendant has submitted an amended counterclaim titled Amendment of Pleading as of Course [Doc. No. 10]. Additionally, Defendant has submitted a Memorandum in Opposition to both the Plaintiff's Motions [Doc. No. 11]. For the following reasons, the Court finds that it has jurisdiction over Defendant's counterclaim, and Plaintiff's Motion for Voluntary Dismissal is DENIED. Plaintiff's Motion to Dismiss Counterclaim is DENIED AS MOOT.

## I.   FACTS AND PROCEDURAL HISTORY

This case originated on June 10, 2005, when Frank Willis ("Willis") filed a Complaint against TRC Companies, Inc. ("TRC") regarding a stock purchase agreement and employment agreement.[1] The Court's jurisdiction in the matter was based solely on 28 U.S.C. § 1332,

---

[1]The Court notes that on or about June 24, 2005, Willis also filed suit in District Court for the State of Louisiana naming both TRC and Willis Engineering, Inc. ("Willis Engineering") as co-defendants. Willis Engineering is a business corporation domiciled in Louisiana with its

1

diversity of citizenship between Willis and TRC.[2]

On July 7, 2005, TRC filed an Answer and Counterclaim. In the counterclaim, TRC sought a declaration by the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), concerning the stock purchase agreement.[3]

On August 9, 2005, Willis filed the two instant motions with the Court. First, Willis filed its Motion for Voluntary Dismissal arguing that the addition of an indispensable party–Willis Engineering–will destroy the Court's diversity jurisdiction. Second, Willis filed its Motion to Dismiss Counterclaim.

On August 18, 2005, TRC filed its amended counterclaim. In addition to its previously asserted claim under the Declaratory Judgment Act, TRC pled two new counterclaims: (1) breach of contract claim and (2) a claim arising under the Securities and Exchange Act of 1934, 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5.

On August 29, 2005, TRC filed a Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaim and his Motion for Voluntary Dismissal.

## II. LAW AND ANALYSIS

### A. Motion for Voluntary Dismissal

Willis moves to dismiss his Complaint without prejudice pursuant to Rule 41(a)(2) of the

---

principal place of business located in Louisiana.

[2]Willis is a domiciliary of Louisiana, and TRC is a Delaware corporation with its principal place of business in Connecticut.

[3]Specifically, TRC asks the Court to declare that the stock purchase agreement between TRC and Willis is a valid contract, to declare that Willis is not entitled to relief he seeks in his complaint, and to declare that TRC has not materially breached the stock purchase agreement.

Federal Rules of Civil Procedure. Willis argues that Willis Engineering is an indispensable party according to Rule 19 of the Federal Rules of Civil Procedure and must be added as a co-defendant in this Court's proceeding. The joinder of Willis Engineering as a co-defendant would destroy the Court of its original diversity jurisdiction. TRC objects and argues that regardless of whether Willis Engineering is an indispensable party, the Court has federal question jurisdiction which allows the Court to join additional parties or claims under supplemental jurisdiction.

Before the Court will determine whether Willis Engineering is an indispensable party pursuant to Rule 19, the Court must first determine whether it has independent subject matter jurisdiction over any counterclaims filed by TRC.

In its amended complaint, TRC asserts three counterclaims. The first counterclaim is based on the Declaratory Judgment Act ("DJA"). The DJA is procedural only and does not confer upon the Court federal question jurisdiction in and of itself. *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F. 2d 1173, 1179 (5th Cir. 1984) (The DJA enlarges the range of remedies available in the federal courts but it does not extend the courts' jurisdiction) (citing *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). The Court finds that TRC's first counterclaim does not provide the Court with federal question jurisdiction.

TRC's second counterclaim is for breach of contract and does not pose a federal question to be resolved by the Court.

TRC's third counterclaim is brought pursuant to the Securities and Exchange Act of 1934, 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5.[4] Title 15, United States Code, Section 78aa

---

[4] The Court will not comment as to the validity of each claim at this time, but rather the Court's discussion will focus on whether any counterclaim provides the Court with subject matter jurisdiction. It appears to the Court that TRC's Amended Counterclaim pleads facts to

3

states in pertinent part that the "district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder..." TRC's third counterclaim raises a federal question, so that this Court has subject matter jurisdiction.

The Court will now discuss whether voluntary dismissal of Willis' claims is appropriate under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) provides in pertinent part:

> ...If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court...

The Fifth Circuit has held that "when considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *Lecompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). Rule 41(a)(2) allows the plaintiff to dismiss, subject to court approval, provided that the dismissal does not prejudice any party. *Coliseum Square Ass'n, Inc. v. Department of Housing*, 2002 WL 31886808, at *2 (E.D. La. 2002) (citing *Oxford v. Williams Co., Inc.*, 154 F. Supp. 2d. 942, 951 (E.D. Tex. 2001)). "Important in assessing prejudice is the stage at which the motion to dismiss is made." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). The court should refuse dismissal "when [a] plaintiff seeks to circumvent an expected adverse result." *Oxford*, 154 F. Supp. 2d at 951. Voluntary dismissal without prejudice is within the sound discretion of the district court and reviewable only on an abuse of discretion. *Coliseum*

---

support its third counterclaim.

*Square* 2002 WL 31886808, at *2.

The Court does not reach the issue of whether Willis Engineering is an indispensable party at this time because, regardless of the Court's finding, the Court still has federal question jurisdiction over TRC's counterclaim. As such, joinder of any additional parties or claims is available under the Court's ability to exercise supplemental jurisdiction. In other words, while diversity jurisdiction *may* be destroyed *if* the Court determines that Willis Engineering is an indispensable party, it is irrelevant, as the Court has determined it has jurisdiction based on federal question.

Willis filed this case on June 10, 2005, based on diversity jurisdiction. Roughly two months passed before Willis chose to file his Motion to Dismiss. Time and money have been spent by both sides in preparing and responding to the two instant motions. Willis chose the federal district court as his initial forum, and TRC has been forced to litigate in this Court. It appears from Willis' Memorandum in Support of its Motion for Voluntary Dismissal that Willis was aware that Willis Engineering would be a necessary party in order to interpret the employment agreement between the parties. This finding is supported by the fact that Willis filed an action in state court naming both Willis Engineering and TRC as defendants. Given TRC has a right to proceed in this forum, Willis should not be allowed to simply dismiss the action to circumvent an adverse result.

To promote judicial economy, prevent prejudice to any party, and prevent possible redundancy where TRC is likely to join Willis Engineering under supplemental jurisdiction, the Court DENIES Willis' Motion for Voluntary Dismissal.

Furthermore, in light of the Amended Counterclaim [Doc. No. 10] filed by TRC, the

Court finds Willis' Motion to Dismiss Counterclaim is DENIED AS MOOT.[5]

### III. CONCLUSION

For the foregoing reasons, Willis' Motion for Voluntary Dismissal [Doc. No. 26] is DENIED. Willis' Motion to Dismiss Counterclaim [Doc. No. 10] is DENIED AS MOOT.

MONROE, LOUISIANA, this 16th day of September, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[5]As noted earlier, for purposes of this ruling, the Court only expresses an opinion as to whether any of the counterclaims create subject matter jurisdiction for the Court. The Court notes that each party is free to brief the issue of whether TRC has stated a claim under the Declaratory Judgment Act or any other claims by either party.