RECEIVED
IN MONROE, LA
NOV 28 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FRANK WILLIS | CIVIL ACTION NO. 05-1010 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRC COMPANIES, INC. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendant TRC Companies, Inc.'s ("TRC")Objection/Appeal of Magistrate Judge's Memorandum Ruling Denying Defendant's Motion to Disqualify Counsel ("Appeal") [Doc. No. 36]. For the following reasons, TRC's Appeal is DENIED, and Magistrate Judge Karen L. Hayes' September 28, 2006 Memorandum Ruling [Doc. No. 35] is AFFIRMED.

I.  FACTS AND PROCEDURAL HISTORY

On June 10, 2005, Plaintiff Frank Willis ("Willis") filed a Complaint alleging that TRC breached a stock purchase agreement and an employment agreement with him.

Until February 28, 2006, Kenneth Ortego was an attorney associated with Gold, Weems, Bruser, Sues & Rundell ("Gold Weems"), the firm that represents TRC. On that date, Ortego joined the firm of Faircloth, Vilar & Elliot, L.L.C. ("Faircloth Vilar"), which represents Willis.

More than two months later, on May 11, 2006, Gold Weems contacted Faircloth Vilar, contending that Faircloth Vilar cannot continue to represent Willis because of a conflict created by Ortego's joining the firm. Between May 11, 2006, and June 9, 2006, there were a series of phone calls and conversations between the firms regarding this issue.

1

On June 9, 2006, TRC filed a Motion to Disqualify Counsel [Doc. No. 27]. There is no dispute that Ortego never actively represented TRC. However, TRC and Gold Weems contend that Faircloth Vilar must be disqualified because of one 10-15 minute conversation between a Gold Weems associate, Stephen LeFleur, and Ortego that occurred prior to Ortego's leaving Gold Weems.

In her Memorandum Ruling, Judge Hayes correctly states the applicable rules and explains that for Faircloth Vilar to be disqualified, Ortego must have personally represented TRC or "acquired material information on that matter that is protected by [Louisiana] Rules [of Professional Conduct] 1.6 and 1.9(c)." [Doc. No. 35, pp. 4-9]. She finds that Gold Weems and TRC failed to prove that Ortego had an attorney-client relationship with TRC; therefore, the issue is one of imputed disqualification. Reviewing the evidence presented, Judge Hayes concludes that "it is not merely unlikely, but well nigh impossible to believe that any substantive conversation involving information protected by Rule 1.6 would have occurred without at least one and probably both of the attorneys billing the client for their time. The lack of specificity in LaFleur's affidavit, and the even greater lack of specificity or clear recollection by LaFleur as demonstrated by Ortego's notes of his conversation with LaFleur, also weigh against any real substance to the allegations against Ortego." [Doc. No. 35, p. 7]. She also notes the steps taken by Faircloth Vilar to ensure there were no conflicts, that Ortego specifically affirmed he had not represented TRC, and that Faircloth Vilar has taken the additional step of using a "Chinese wall," so that Ortego performs no work on this case.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion to disqualify counsel is a non-dispositive pre-trial matter. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law.

### B. Analysis

Having reviewed the parties' memoranda, the Court finds that Magistrate Judge Hayes' Memorandum Ruling is neither clearly erroneous nor contrary to law and makes this Ruling only to address two issues raised in TRC's appeal.

First, TRC objects that Magistrate Judge Hayes failed to apply the law correctly when she determined that the conversation relied upon by TRC was insufficiently substantial or substantive to require the disqualification of Faircloth Vilar. TRC argues strenuously that Magistrate Judge Hayes's Memorandum Ruling is incorrect because she failed to address explicitly whether or not LaFleur conveyed "material" client confidences to Ortego.

However, there is no dispute that Magistrate Judge Hayes correctly states the applicable law: that for Faircloth Vilar to be disqualified, Ortego must have personally represented TRC or, under an imputed theory of disqualification, must have "acquired material information on that matter that is protected by Rules 1.6 and 1.9(c)." [Doc. No. 35, pp. 4-9]. Magistrate Judge Hayes concludes that it is "well nigh impossible to believe that any substantive conversation *involving information protected by Rule 1.6* would have occurred without" an attorney billing for the time." [Doc. No. 35, p. 7] (emphasis added). Likewise, she relies on the "lack of specificity in

3

LaFleur's affidavit" and "as demonstrated by Ortego's notes of his conversation with LaFleur" to reach the conclusion that there was no "real substance to the allegations against Ortego." [Doc. No. 35, p. 7]. While Magistrate Judge Hayes did not use the term "material" again, it is clear that she concludes the conversation between LaFleur and Ortego was not one in which material client confidences were conveyed.

Second, TRC also objects that Magistrate Judge Hayes failed to conduct an evidentiary hearing or *in camera* inspection prior to ruling. As pointed out by Willis, TRC never asked for either a hearing or an inspection prior to filing this Appeal. Additionally, upon review of the affidavits and memoranda submitted, it is unclear how either step would be beneficial. Accepting as true that LaFleur met with TRC representatives prior to his brief conversation with Ortego and somehow conveyed client confidences, Ortego's affidavit is clear that he has not "acquired material information" protected by Rules 1.6 and 1.9(c). He does not recall the conversation at all, even after speaking with LaFleur. Therefore, he certainly cannot improperly convey such information to his new firm.

## III. CONCLUSION

For the foregoing reasons, TRC's Appeal [Doc. No. 36] is DENIED, and Magistrate Judge Hayes' Memorandum Ruling [Doc. No. 35] is AFFIRMED.

MONROE, LOUISIANA, this 27 day of November, 2006.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE