

RECEIVED
IN MONROE, LA'
JUL 7 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FRANK WILLIS | CIVIL ACTION NO. 05-1010 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRC COMPANIES, INC. | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is an acrimonious dispute between Plaintiff Frank Willis ("Willis"), the former principal of Willis Engineering, Inc. ("WEI"), and TRC Companies, Inc. ("TRC"), the corporation which purchased the stock of WEI, following the demise of the employment relationship between TRC and Willis.

On May 12, 2008, this Court issued a Ruling and Judgment [Doc. Nos. 103 & 104] denying TRC's Motion for Partial Summary Judgment and Alternative Motion for Judgment on the Pleadings [Doc. No. 77] and granting in part and denying in part Willis's Motion for Summary Judgment as to TRC's Counterclaim [Doc. No. 78].

Pending before the Court is a Motion to Alter or Amend Judgment [Doc. No. 105] filed by TRC on May 27, 2008. TRC moves the Court to alter or amend its May 12, 2008 Judgment (1) denying TRC's Motion for Judgment on the Pleadings based on Willis's alleged failure to plead fraud or negligent misrepresentation with adequate particularity, (2) denying TRC's Motion for Partial Summary Judgment based on Willis's alleged failure to show that he reasonably relied on the alleged representations of TRC, and (3) granting in part Willis's Motion

1

for Summary Judgment on TRC's counterclaims.

On June 11, 2008, Willis filed an Opposition to TRC's Motion to Alter or Amend Judgment [Doc. No. 106].

On June 17, 2008, with leave of Court, TRC filed a Reply to Willis's Opposition to TRC's Motion to Alter or Amend Judgment [Doc. No. 107].

TRC's Motion to Alter or Amend, seeking reconsideration of the Court's Ruling and Judgment on the parties' motions for summary judgment, was properly filed within ten (10) days of the date of Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] A Rule 59(e) motion may be granted based on an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, (5th Cir. 2002). When considering this motion, the Court is instructed to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993) (citations omitted).

In this case, TRC contends that the Court committed clear or manifest errors of law and that the Court should grant its motion to correct those errors and to prevent manifest injustice.

Having fully considered the arguments of counsel, TRC's motion [Doc. No. 105] is GRANTED IN PART and DENIED IN PART.

### A.  TRC's Counterclaim for Breach of Contract Based on Willis's Failure to Disclose Material Obligations

On pages 21-23 of its Ruling, the Court addressed TRC's counterclaim that Willis

---

[1] The tenth business day fell on Monday, May 26, 2008, which was Memorial Day, a federal holiday. Therefore, TRC's motion was properly filed the following business day.

2

breached the Purchase Agreement by failing to disclose all material contracts, commitments, and other obligations of WEI, including the Lake Bruin State Park project. The Court determined that TRC could not establish that it was damaged by Willis's failure to disclose certain obligations where required in the Purchase Agreement where the evidence showed that he otherwise provided notice of the projects. With regard to Lake Bruin State Park, Willis provided an August 9, 2004 email to Craig Becker of TRC, in which he stated that "[a]n example of my overwhelming problem this morning is my checklist of immediate projects," [Doc. No. 95, Exhibit B], including "Lake Bruin State Park meeting on a new project currently underway."

However, TRC points out that it provided an affidavit from attorney Roger Kendrick to support TRC's claim that it paid $55,000.00 to avoid litigation resulting from alleged flaws in the project. TRC further points out that the August 2004 email refers to a "new project currently underway," when the Lake Bruin State Park project upon which TRC relies was to have been completed in April 2004.

Under these circumstances, the Court GRANTS TRC's Motion to Alter or Amend Judgment on this claim and DENIES Willis's Motion for Summary Judgment on TRC's counterclaim of breach of contract based on Willis's failure to disclose the Lake Bruin State Park project as a material obligation under Section 3.10 of the Purchase Agreement.

**B.     Other Matters Raised in TRC's Motion to Alter or Amend Judgment**

Having concluded that the Court should permit TRC to continue to trial with its claim regarding Lake Bruin State Park, the Court otherwise finds no reason to alter or amend its Judgment. However, the Court will address certain other points raised by TRC.[2]

---

[2] To be clear, the Court is not addressing every point raised by TRC, only those it deems appropriate.

3

First, in its argument regarding the Court's denial of its Motion for Judgment on the Pleadings, TRC's counsel misquotes the Court. The Court did not state that "paragraphs under each heading for each count are **somewhat conclusory**"; the Court stated that "the paragraphs under the specific heading for each count are somewhat conclusory," but that "Willis spent ten (10) pages and twenty-three paragraphs identifying the factual basis for these two claims." *Cf.* [Doc. Nos. 105, p.2 & 107, p. 1][3] with [Doc. No. 103, p. 8]. The point made by the Court was the paragraphs under the heading identified, "Count I-Fraud" and "Count II-Negligent Misrepresentation," may have been somewhat conclusory, but those Counts properly incorporated the remainder of the allegations in the Complaint. When viewed as a whole, the Court found that Willis met the pleading requirements of Fed. R. Civ. P. 9(b).

Second, TRC contends that its Reply in support of its Motion for Partial Summary Judgment and Alternative Motion for Judgment on the Pleadings did not raise a "new" argument of puffery, but "advances its **original argument** that Willis failed to plead fraud with particularity" and further "posits that" the evidence or argument introduced in its Reply did "not constitute argument of a new grounds [sic], but rather merely support to counter Willis's argument in opposition." [Doc. No. 107, p. 5 (emphasis in original)]. The Court considered and rejected TRC's argument that Willis's Amended Complaint failed to plead his claims with the specificity required by Rule 9(b). Accordingly, the Court did consider TRC's arguments in that context. However, TRC's only argument in support of summary judgment was that Willis unreasonably or unjustifiably relied on TRC's alleged promises when the Purchase Agreement

---

[3]The Court's Ruling did not contain boldface type either. The Court notes that it is unnecessary for counsel to bold and underline every point he wishes to make. The Court reviews all arguments made by counsel in each pleading, whether or not underlined, bolded, italicized, or otherwise highlighted.

contained an integration clause and was fully integrated.

Nevertheless, even if the Court had considered TRC's puffery argument in the context of its request for summary judgment, the Court would have rejected that argument. The statements relied upon by Willis are not the type of "unfulfilled promises or statements as to future events" which cannot support a fraud action. *America's Favorite Chicken Co. v. Cajun Enterprises, Inc.*, 130 F.3d 180, 186 (5th Cir. 1997) (citing *Watermeier v. Mansueto*, 562 So.2d 920, 923 (La. App. 5th Cir.1990); La. Civ. Code Ann. arts.1953, *et seq.* (West 1987)). For example, in the *America's Chicken* case, the plaintiff alleged that it had been told by defendant to "expect sales similar to those in the Washington, D.C. area given the demographic similarities between the markets, and that sales would definitely increase in the San Lorenzo Store if [the plaintiff] ran it properly." *Id.* The Fifth Circuit recognized that "[t]hese statements are nothing more than projections of future events and, as such, are not actionable as fraud under Louisiana law." *Id.*

In this case, if Willis can prove his allegations, TRC agents agreed, even as part the Purchase Agreement, to provide "sufficient resources," including engineers and other personnel, documents, and administrative services, that would allow WEI to operate successfully when, at the time the statements were made, the statements were knowingly or recklessly untrue. The statements were not dependent upon the efforts of Willis, as in the *America's Chicken* case, but upon the present resources of TRC which were available to provide to Willis.

Third, the Court did not apply a "double standard" when it considered additional evidence adduced by Willis, but not TRC's puffery argument. The parties in this case filed lengthy briefs and submitted full depositions of numerous witnesses. The Court read and considered all the briefs and read each of those depositions in full prior to rendering its decision. The Court

believes that it has addressed all arguments properly before it. If, at the conclusion of Willis's evidence at trial, TRC believes that Willis has failed to meet his burden on his fraud and negligent misrepresentation claims, then it may move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50.

Finally, the Court did not weigh the credibility of TRC's witnesses, Christina Chamberlain and Richard Dale, versus that of Willis, but rather found that Chamberlain and Dale lacked the personal knowledge and training to properly attest to the matters which they did. The Court did, as TRC argues, note in footnote 8, its concerns about the knowledge of TRC's former employee, Jeff Martin, but, ultimately, the Court found that TRC could proceed to trial on its breach of contract claim based on the Avoyelles Water Commission project. Thus, the Court's observations about Martin will be irrelevant at trial, where the jury will decide TRC's claim.

MONROE, LOUISIANA, this 7 day of July, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE